UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHATMAN,<br>CDCR #BD-5474,<br><br>                       Plaintiff,<br><br>vs.<br><br>CUSH ACURA; TOYOTA OF EXCONDIDO; CUSH HONDA; RALPHS SUPERMARKET; ALBERTSONS; USED CAR FERRARI DEALERSHIP ON SUNSET; TARGET; WALMART; AND WATCH SHOP,<br><br>                       Defendants. | Case No.: 3:18-cv-01235-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

     Eric Chatman, a prisoner incarcerated at Salinas Valley State Prison in Soledad, California and proceeding pro se, has filed a Complaint alleging personal injury, premises and motor vehicle liability, general negligence, and intentional tort claims against several car dealerships, supermarkets, a Target store, a Walmart store, and an unidentified "Watch Shop" on Sunset Boulevard. *See* Compl., ECF No. 1. Chatman appears to claim that he was a "top salesman" at the Cush Auto Group, but was drugged and raped by a manager at Toyota of Escondido sometime between 1995 and 1998. *Id.* at 6–9. He further claims to have been "treated badly" at a watch shop and a used car Ferrari dealership, to have been

1

"assaulted" at Ralph's in Hollywood, and to have been "abused" by his ex-wife at Target and Walmart. *Id.* at 8. Chatman seeks hundreds of millions of dollars in "lump sum" damages and ownership interests in the auto dealership and other corporate defendants. *Id.* at 5.[1]

Chatman did not pay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* ("*IFP*") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), together with a Motion to Appoint Counsel (ECF No. 3).

## I. Motion to Proceed *IFP*

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Chatman, however, "face … additional hurdle[s]." *Id.* Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016), the Prison Litigation Reform Act ("PLRA") precludes prisoners from proceeding *IFP*:

> if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

---

[1] Chatman repeated most of his allegations in an ex parte letter to the judges assigned to this matter filed on July 5, 2018 (ECF No. 5). Because Chatman has violated S.D. Cal. Local Civil Rule 83.9, which provides that "attorneys or parties to any action must refrain from writing letters to the judge," he is cautioned that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). <u>Therefore, any ex parte letters he attempts to file in this matter may be summarily rejected based on Local Rule 83.9.</u>

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.* The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311. "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews v. King*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other *IFP* civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

### B. Application to Chatman

The Court has reviewed Chatman's Complaint and finds that is contains no "plausible allegations" to suggest that he "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Chatman claims that he was drugged and raped at a car dealership more than twenty years ago, before he was incarcerated. *See* Compl. Chatman's allegations are insufficient to plausibly show ongoing or "imminent" danger of any serious physical injury. *See In re Gonzalez*, 2008 WL 666465 at *2–3 (N.D. Cal. March 6, 2008) (finding prisoner with a "delusional tale" of having a "special genetic structure" and being "irradiated . . . by radioactive smoke" by

"government scientists" did not plausibly allege "imminent danger of serious physical injury."); *Holz v. McFadden*, 2010 WL 3069745 at *3 (C.D. Cal. May 21, 2010) (finding "imminent danger" exception to § 1915(g) inapplicable where prisoner implausibly claimed the FBI and BOP were "going to kill him"); *Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show Chatman faced an "ongoing danger" as required by *Andrews v. Cervantes*).

While Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews v. King*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records. *See Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMC, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015). Courts also "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Chatman, identified as CDCR Inmate #BD-5474, has had four prior prisoner civil actions dismissed in this district alone on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Chatman v. Toyota of Escondido, et al.*, Civil Case No. 3:17-cv-01853-BAS-JLB (S.D. Cal. Nov. 8, 2017) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 18) ("strike one");

2) *Chatman v. Cush Acura, et al.*, Civil Case No. 3:17-cv-01852-WQH-JLB (S.D. Cal. Nov. 21, 2017) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 20) ("strike two");

3) *Chatman v. Super 8 Motel, et al.*, Civil Case No. 3:17-cv-02517-DMS-JMA (S.D. Cal. Feb. 15, 2018) (Order Denying Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 6) ("strike three"); and

4) *Chatman v. Super 8 Motel Co., et al.*, Civil Case No. 3:18-cv-00213-BAS-NLS (S.D. Cal. Feb. 20, 2018) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 6) ("strike four").[2]

Accordingly, because Chatman has accumulated more than three "strikes" pursuant to § 1915(g) and fails to allege that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to proceed *IFP* in this action. *See Andrews v. Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (stating that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

---

[2] Chatman has also been denied leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(g) in several subsequent cases: *Chatman v. Cush Honda, et al.*, S.D. Cal. Civil Case No. 3:18-cv-00414-JLS-KSC (March 26, 2018 Order) (ECF No. 5); *Chatman v. Super 8 Motel Corp., et al.*, S.D. Cal. Civil Case No. 3:18-cv-00436-CAB-RBB (March 19, 2018 Order) (ECF No. 6); *Chatman v. Liquor Store, et al.*, S.D. Cal. Civil Case No. 3:18-cv-00563-GPC-JMA (May 14, 2018 Order) (ECF No. 8); *Chatman v. Ferrari Newport, et al.*, S.D. Cal. Civil Case No. 3:18-cv-00655-CAB-MDD (May 15, 2018 Order) (ECF No. 6); *Chatman v. Beverly Hills Lamborghini, et al.*, S.D. Cal. Civil Case No. 3:18-cv-00668-DMS-JMA (April 16, 2018 Order) (ECF No. 3); *Chatman v. Citibank Corp., et al.*, S.D. Cal. Civil Case No. 3:18-cv-00748-LAB-AGS (April 23, 2018 Order) (ECF No. 3); and *Chatman v. Chatman*, S.D. Cal. Civil Case No. 3:18-cv-00835-CAB-PCL (June 4, 2018 Order) (ECF No. 5).

## II. Motion to Appoint Counsel

Chatman has filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3). However, a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) necessarily depends upon Chatman's ability to proceed *IFP*. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). It requires that Chatman has been determined eligible to proceed pursuant to the *IFP* statute due to indigence, is within "the sound discretion of the trial court[,] and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Because Chatman has failed to allege the presence of exceptional circumstances here, and is not entitled to proceed *IFP* pursuant to 28 U.S.C. § 1915(g) in this case, he is also not entitled to the appointment of counsel under § 1915(e)(1).

## III. Conclusion and Orders

For the reasons discussed, the Court:

1) DENIES Chatman's Motions to Proceed *IFP* (ECF No. 2) and to Appoint Counsel (ECF No. 3) as barred by 28 U.S.C. § 1915(g);

2) DISMISSES this civil action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) CERTIFIES that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) DIRECTS the Clerk of Court to enter judgment and close the file.

IT IS SO ORDERED.

Dated: July 20, 2018

Hon. William Q. Hayes
United States District Court